# United States Bankruptcy Court
# Eastern District of Virginia
# <u>Alexandria Division</u>

**In re:**

**Blue Ridge Arsenal, Inc.,**            **Case No. 18-10472-KHK**

    **Debtor.**                                    **Chapter 11**

                            **Hearing: January 15, 2019, 11:00 am**
                            **Courtroom III, 3rd Floor**

## <u>Motion to Dismiss or Convert Case to Chapter 7</u>

Comes Now, John P. Fitzgerald, III, Acting United States Trustee for Region 4, and moves the Court to dismiss or convert this case to Chapter 7 pursuant to Section 1112(b)(4) of the Bankruptcy Code.

Cause exists to grant the requested relief:

- unreasonable delay in filing disclosure statement and plan of reorganization, 11 U.S.C. Section 1112(b)(4);

- substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

## <u>Jurisdiction</u>

1. This Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core proceeding. 28 U.S.C. §157.

John P. Fitzgerald, III
Acting United States Trustee
For Region 4
Jack Frankel, Attorney
115 S Union Street
Alexandria, VA 22314
(703) 557-7229
Jack.I.Frankel@USDOJ.Gov

## Statement of Facts

1. On February 9, 2018, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor has not filed a disclosure statement and plan of reorganization.

3. No plan of reorganization has been confirmed.

4. According to the Debtor's monthly operating reports filed from February to October, 2018, had:

   Revenue:              $964,977

   Cost of Goods Sold:   $195,259

   Gross Profit:         $769,718

   Operating Expenses:   $775,594

   Net Loss              $ (5,876)

## Argument

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under Chapter 7 whichever is in the best interests of creditors and the estate. 11 U.S.C. Section 1112(b)(1).

The Acting United States Trustee recognizes that finding an unreasonable delay in filing a disclosure statement and plan is dependent on the unique circumstances of the particular case. *Quarles v. U.S. Tr.*, 194 B.R. 94, 97 (W.D. Va. 1996)

As stated in *In re Sunflower Racing, Inc.* 226 B.R. 665, 670 (D. Kan. 1998) "The bankruptcy court's decision of what constitutes "unreasonable delay" and "prejudice" is clearly discretionary and very fact intensive. Bankruptcy courts are given a great deal of discretion to say when enough is enough." (citations omitted, quotation marks omitted).

This is not a large or complicated case.

The Debtor has had the protection of the bankruptcy laws for ten months. A disclosure statement and plan of reorganization should have been filed by now. Cases should not remain on the docket like beached whales.

As another cause, the Debtor has incurred a year to date loss.

There is no bright-line test to determine whether conversion or dismissal is in the best interests of the creditors and the estate. *In re Babayoff,* 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011).

There are no unusual circumstances establishing that converting or dismissing this case is not in the best interests of the estate and creditors.

John P. Fitzgerald, III,
Acting United States Trustee
For Region 4

/s/  Jack Frankel
Jack Frankel, Attorney
Office of United States Trustee
115 S Union Street
Alexandria, VA 22314
(703) 557-7229

## **Certificate of Service**

I hereby certify that on the 27th day of November, 2018, I mailed, United States mail, first class, postage prepaid, a true copy of this motion and notice of motion and hearing to:

| Blue Ridge Arsenal, Inc.<br>14725 K Flint Lee Road<br>Chantilly, VA 20151 | Robert M. Marino, Esq.<br>Redmon Peyton & Braswell<br>510 King Street, Suite 301<br>Alexandria, VA 22314-3143 |
|---|---|

/s/  Jack Frankel